UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| TERRY BRUCE BROWNING ) | Case No. 10-42030 |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| TERRY BRUCE BROWNING ) | |
| Plaintiff. ) | |
| vs. ) | A.P. No. 11-4006 |
| DIXON BANK and ) | |
| ) | |
| ZAC GREENWELL ) | |
| COMMONWEALTH'S ATTORNEY ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM ON MOTIONS FOR SUMMARY JUDGMENT**

This proceeding comes before the Court on the cross motions for summary judgment filed by the debtor / plaintiff ("Plaintiff") and the Defendants, Dixon Bank and Zac Greenwell, Commonwealth's Attorney for the Fifth (5th) Judicial District of Kentucky ("Greenwell"). Upon consideration of the summary judgment motions and the supporting documentation, the Court holds that summary judgment should be granted in favor of the Defendants.

**I.    STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Venue of this adversary proceeding in this Court is proper under 28 U.S.C. §1409(a), as this proceeding arises in and relates to the Plaintiff's Chapter 7 case pending in this District.

**II.    SUMMARY JUDGMENT STANDARD**

The Court can render summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Summary

judgment is appropriate when the record taken as a whole, and viewed in the light most favorable to the nonmoving party, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The party seeking summary judgment bears the burden initially of showing that there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file. *Id*. When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, summary judgment should be granted. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999) (quoting *Celotex*, 477 U.S. at 322).

Once the moving party has made a proper motion for summary judgment, the nonmoving party may not rely upon mere allegations to rebut the motion, but instead must set forth specific facts demonstrating that a genuine issue of material fact exists for trial. Fed. R. Civ. P. 56(e). The nonmoving party must produce more than a "mere scintilla" of evidence to support its claim, once a properly supported motion for summary judgment has been made.

### III.     FACTS

On or before October 13, 2009, pursuant to an investigation conducted by the Kentucky State Police, the Webster Circuit Court indicted the Plaintiff with the charge of Theft by Deception. On December 3, 2009, the Commonwealth amended the indictment to charge the Plaintiff with Theft by Unlawful Taking. Greenwell prosecuted these felony charges. On May 6, 2010, Plaintiff pled guilty to the charge of Theft by Deception (over $300), a Class D Felony pursuant to K.R.S. § 514.030, and received judgment. Pursuant to the Plea, the Court sentenced the Plaintiff to

imprisonment of a maximum term of five years.

On May 6, 2010, the Webster Circuit Court ordered the Plaintiff to "pay restitution to the Clerk of this Court, for the benefit of The Dixon Bank, in the amount of $85,156.85." ("Restitution Order"). On August 25, 2010, an Agreed Order for Shock Probation was entered in Webster Circuit Court whereby the Plaintiff was placed on shock probation for a period of five years upon certain conditions. As a condition of the shock probation, the Court ordered the Plaintiff to "pay all restitution payments as listed in the Order of Restitution entered on May 6, 2010." Pursuant to the Agreed Order of Shock Probation, the Department of Corrections released the Plaintiff. To avoid revocation of his probation, the Plaintiff has made payments pursuant to the Restitution Order.

The Plaintiff filed a petition for Chapter 7 bankruptcy on December 30, 2010, and obtained his discharge on May 3, 2011. The Plaintiff filed this adversary proceeding on January 19, 2011, seeking an order finding the restitution obligation not excepted from discharge under 11 U.S.C. § 523(a)(7). The defendants answered the complaint and filed counterclaims seeking to hold the debt non-dischargeable under 11 U.S.C. § 523(a)(2), (4), (6), and (7).

**IV.  LEGAL DISCUSSION**

As stated above, under Rule 56(c) of the Federal Rules of Civil Procedure and Rule 7056 of the Federal Rules of Bankruptcy Procedure, a party is entitled to judgment only if that party can establish that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. The Court must determine not whether it thinks the evidence unmistakably favors one side or the other, but whether a fair minded trier of fact could return a verdict for a nonmoving party on the evidence presented. *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986).

3

The Plaintiff seeks a judgment finding the Restitution Order dischargeable under 11 U.S.C. § 523 (a)(7). That section provides that:

> (a) A discharge under § 727 ... of this title does not discharge an individual debtor from any debts
> (7) To the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a government unit, and is not compensation for actual pecuniary loss, ...

11 U.S.C. § 523(a)(7). The Plaintiff also seeks an order enjoining Greenwell from further actions to collect the Restitution Order. The Plaintiff contends the three factors laid out in § 524 (a)(7) cannot be met in that this debt is not payable for the benefit of a governmental unit. Plaintiff contends the money is for the benefit of Dixon Bank, rather than a governmental entity, and as such, is not excepted from discharge.

As an initial matter, the Court recites the general rule that there is a "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37, 46 (1971). As the Supreme Court held, "the right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." *Id.* This Court is very reluctant to go against this policy and declines to do so, absent the most compelling of circumstances.

Generally speaking, restitution obligations imposed as probation conditions are not dischargeable in bankruptcy proceedings. *Kelly v. Robinson*, 479 U.S. 36 (1986). As stated by the Supreme Court:

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally

> does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.

*Id. at 52.* Under this analysis, it makes no difference if the restitution payments go to the "victim of the crime," or to a third party, who may also have been injured by the debtor's actions. Under *Kelly*, a restitution order is non-dischargeable under § 523(a)(7) so long as the restitution is designed to benefit "society as a whole" and furthers "the penal goals of the State and the situation of the defendant". 479 U.S. at 52. Even though restitution may be calculated by reference to the amount of harm the offender has caused, the Supreme Court in *Kelly* held that restitution constitutes a "fine, penalty, or forfeiture" within the meaning of § 523(a)(7). *Id.* There can be no question here that the restitution order in the present case was issued to benefit "society as a whole" and was clearly part of the "penal goals" of the state court.

The Plaintiff's primary authority is the *Hughes v. Sanders*, 469 F.3d 475 (6th Cir. 2006) case from the Sixth Circuit. In *Hughes*, the plaintiff contended that an attorney malpractice judgment entered by default as a sanction for discovery abuse was nondischargeable under § 523(a)(7). The Sixth Circuit addressed two issues under § 523(a)(7): whether the judgment was payable to and for the benefit of a governmental unit; and, whether the judgment was compensation for actual pecuniary loss. The Sixth Circuit panel in *Hughes* rejected the view of many other courts that the identity of the beneficiary was irrelevant to § 523(a)(7) analysis. Because the judgment in *Hughes* was payable to the victim, it did not fall within the coverage of § 523(a)(7). Second, the Circuit concluded that the judgment constituted compensation for actual pecuniary loss.

The *Hughes* decision is easily distinguished from the case before this Court. First, that matter was a civil malpractice action and not a criminal matter. The debt in question was a civil judgment, rather than a criminal restitution order. Finally, unlike the debt in the *Hughes* case, and

5

as the Plaintiff admits, the restitution ordered to be in this case is to be paid to the Webster Circuit Court Clerk, an unquestionably governmental unit. Even though the funds may be transmitted to a different entity at a later point in time, this does not change the fact that the funds are paid to a governmental entity. To conclude, this debt was not discharged in the Plaintiff's bankruptcy. Because the restitution is non-dischargeable under § 523(a)(7), the Court need not address the Defendants other arguments for holding the debt non-dischargeable under 11 U.S.C. § 523(a). The Court shall enter an Order this same date in accordance with the holding of this Memorandum.

David T. Stosberg
United States Bankruptcy Judge

Dated: June 22, 2011

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| TERRY BRUCE BROWNING ) | Case No. 10-42030 |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| TERRY BRUCE BROWNING ) | |
| Plaintiff. ) | |
| vs. ) | A.P. No.  11-4006 |
| DIXON BANK and ) | |
| ) | |
| ZAC GREENWELL ) | |
| COMMONWEALTH'S ATTORNEY ) | |
| Defendants. ) | |
| _____ ) | |

## JUDGMENT

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

It is **ORDERED** that the Plaintiff's Motion for Summary Judgment is **DENIED**.

It is further **ORDERED** that the Defendants' Motions for Summary Judgment are granted, and the debt from the Restitution Order is non-dischargeable under 11 U.S.C. § 523(a)(7).

David T. Stosberg
United States Bankruptcy Judge

Dated:  June 22, 2011